IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BENJAMIN J. WALSH                                                                                   PLAINTIFF

vs.                                         Civil No. 1:07-cv-01023

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Benjamin J. Walsh ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on September 22, 2004.  (Tr. 50-53).  In this application and in other documents filed with the SSA, Plaintiff alleges he is disabled due to his Crohn's disease.  (Tr. 11-17, 28-31, 75-92).  Plaintiff's SSI application was denied initially on December 6, 2004 and was denied again on reconsideration on May 19, 2005.  (Tr. 28-31).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

On May 31, 2005, Plaintiff requested a hearing on his SSI application. (Tr. 58-67). This hearing was held on March 8, 2006 in El Dorado, Arkansas. (Tr. 178-201). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff, Plaintiff's father (Jerry Walsh), and Vocational Expert ("VE") Richard Marron testified at this hearing. *See id.* At the time of this hearing, Plaintiff was twenty-five (25) years old, six foot and two inches (6' 2") tall, and weighed one hundred and seventy (170) pounds. (Tr. 181). Plaintiff also testified at this hearing that he received his Bachelor's Degree in Psychology with Honors from Southern Arkansas University in December of 2004. (Tr. 182-184).

On August 22, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 9-17). In this decision, the ALJ determined that Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 21, 2004, his alleged onset date. (Tr. 13, Finding 1). The ALJ determined that Plaintiff suffered from the severe impairment of Crohn's disease. (Tr. 13, Finding 2). The ALJ, however, also determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 14-15, Finding 4). The ALJ found Plaintiff claimed to experience disabling symptoms which caused him to be unable to work. (Tr. 14). The ALJ evaluated these subjective complaints and allegedly disabling symptoms based upon the factors in *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 14-15). The ALJ found Plaintiff's daily activities included preparing meals, performing housework, walking, driving, shopping, reading, playing video games, dining out, lifting weights, jogging, and going to the mall. *See id.* The ALJ

found Plaintiff's medication included Imuran.[2]  *See id.*  The ALJ also found Plaintiff's exertional limitations included lifting 30 pounds, bench pressing 120 pounds, and running three-fourths of a mile.  *See id.*  Based upon this review of the *Polaski* factors, the ALJ determined that Plaintiff's subjective complaints were not credible to the extent he alleged.  *See id.*

The ALJ based this credibility determination upon four specific findings: (1) there was no evidence of any health care provider restricting the claimant from all work activities; (2) Plaintiff's testimony disclosed his Crohn's disease symptoms were in remission; (3) Plaintiff was able to obtain a college degree, work out lifting weights and jogging, attend movies, shop, and drive; and (4) Plaintiff's treatment records on December 29, 2005 disclosed he was gaining weight and had no complaints.

After discounting Plaintiff's subjective complaints of disabling symptoms, the ALJ also determined Plaintiff's RFC.  (Tr. 14, Finding 4).  Specifically, the ALJ determined Plaintiff retained the following RFC:

> [The ability to] lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hour day; and stand/walk 6 hours in an 8 hour day.  He can occasionally stoop, crouch, kneel, and crawl.  Environmental work limitations prohibit exposure to temperature extremes, chemicals, dust, and humidity.  Finally, he is unable to work outdoors and requires access to bathroom facilities.

(Tr. 14, Finding 4).

The ALJ determined Plaintiff had no Past Relevant Work ("PRW") but could perform work that exists in significant numbers in the national economy.  (Tr. 15-16, Finding 5, 9).  The VE testified at the administrative hearing regarding this issue.  (Tr. 197-200).  The VE testified that, based upon Plaintiff's RFC, age, work history, education, and other limitations, Plaintiff could

---

[2] An immunosuppressant used to treat Plaintiff's Crohn's disease.  (Tr. 95, 97).

3

perform work as a psychological stress evaluator (light, skilled) with 951,577 such jobs in the United States and 1,300 jobs in Arkansas. (Tr. 199). The VE testified that Plaintiff could perform work as a general clerk (light, semiskilled) with 3,484,000 such jobs in the United States and 3.000 jobs in Arkansas. (Tr. 199). The VE testified that Plaintiff could perform work as a file clerk (light, semiskilled) with 298,344 such jobs in the United States and 2,900 jobs in Arkansas. (Tr. 199).

The VE also testified that if Plaintiff were only able to perform sedentary work, he could perform work as a social worker (sedentary, skilled) with 822,148 such jobs in the United States and 1,200 jobs in Arkansas. (Tr. 199). The VE testified Plaintiff could perform work as a Cashier I (sedentary, skilled) with 3,754,000 such jobs in the United States and 3,000 jobs in Arkansas. (Tr. 200). The VE testified that Plaintiff could perform work as a court typist (sedentary, semiskilled) with 577,000 such jobs in the United States and 1,460 jobs in Arkansas. (Tr. 200). Based upon the VE's testimony, the ALJ determined, considering Plaintiff's age, education, work experience, and RFC, that he was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 16). Accordingly, the ALJ found that Plaintiff was not under a "disability" as defined by the Act. (Tr. 16, Finding 10).

On August 30, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-8). On January 22, 2007, the Appeals Council declined to review the ALJ's decision. (Tr. 3-5). On March 26, 2007, Plaintiff filed the present action. (Doc. No. 1). The parties consented to the jurisdiction of this Court on March 29, 2007. (Doc. No. 4). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

  It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

  To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred in finding Plaintiff retained the RFC for light or sedentary work and (2) the ALJ erred in finding Plaintiff's Crohn's symptoms were in "remission."  (Doc. No. 7, Pages 5-11).  In response, Defendant argues the ALJ's RFC determination is supported by substantial evidence, and the ALJ properly determined that Plaintiff's Crohn's symptoms were in remission.  (Doc. No. 8, Pages 4-11).  Defendant argues that Plaintiff's medical records show Plaintiff was doing well during the relevant time period and his Crohn's disease symptoms were under "good control."  *See id.*  Defendant also argues that even Plaintiff's own father testified that Plaintiff had been in a "great remission for the last couple of years."  *See id.* at 7.  Defendant argues that all this evidence establishes that Plaintiff's Crohn's disease symptoms were in remission.  *See id.* at 4-11.  This Court will first evaluate Plaintiff's medical records and then determine whether the ALJ properly evaluated Plaintiff's RFC and found that Plaintiff's Crohn's disease symptoms were in remission.

6

**A. Summary of Medical Evidence**

Plaintiff was treated from October 6, 1994 until August 21, 2000 at Magnolia Hospital in Magnolia, Arkansas. (Tr. 128-165). The medical records dated prior to 1999 are primarily routine outpatient hospital notes and laboratory reports. (Tr. 152-165). On December 7, 1999, Plaintiff was treated at Magnolia Hospital for abdominal pain and vomiting. (Tr. 151). Plaintiff was diagnosed with constipation, was treated, and was released. *See id.* On August 16, 2000, Plaintiff was examined and found to suffer from a small bowel obstruction and ulcerative colitis.[3] (Tr. 146-148). From August 16, 2000 until August 21, 2000, Plaintiff was admitted to Magnolia Hospital for observation and treatment of this small bowel obstruction. (Tr. 128-143). On August 21, 2000, Plaintiff was discharged to Arkansas Children's Hospital to receive further treatment for his small bowel obstruction. (Tr. 129-130). No records from Arkansas Children's Hospital are included in this transcript.

Plaintiff was treated by Dr. John M. Farmer, M.D. from October 6, 1994 until December 23, 2004. (Tr. 166-172). On December 17, 2004, Dr. Farmer treated Plaintiff after the removal of two of planter warts on his big toe. *See id.* On December 23, 2004, Dr. Farmer noted that Plaintiff's toe swelling, redness, and fluid discharge as a result of that surgery was "totally resolved" and that Plaintiff's cellulitis[4] of his great toe was resolved.

Plaintiff was treated from October 13, 2003 until December 29, 2005 by Dr. Michael J. Paolucci, M.D. (Tr. 97-100, 173-177). On October 13, 2003, Dr. Paolucci reported that Plaintiff

---

[3] "Ulcerative colitis" is a "chronic inflammatory and ulcerative disease arising in the colonic mucosa, characterized most often by bloody diarrhea." *The Merck Manual* 155 (18th Ed. 2006).

[4] "Cellulitis" is defined as "inflammation of subcutaneous, loose connective tissue." *PDR Medical Dictionary* 343 (3rd Ed. 2006).

7

had two stomas[5] which drained into his ileostomy[6] bag but that Plaintiff was "doing well with the ileostomy bag." (Tr. 99). Dr. Paolucci also reported that Plaintiff was taking Imuran and Imodium and that Plaintiff had been "eating without difficulty." (Tr. 99). On May 27, 2004, Plaintiff returned to see Dr. Paolucci for a follow-up examination. (Tr. 97). Dr. Paolucci reported that, although Plaintiff suffered from "severe Crohn's," he was doing well on Imuran therapy. *See id.* Dr. Paolucci also reported that Plaintiff was "feeling fine," his weight "remained steady," he had just completed another semester of college with "A's," and he was functioning well. *See id.*

On December 29, 2005, Plaintiff returned to see Dr. Paolucci for a second follow-up examination. (Tr. 173-175). Dr. Paolucci reported that Plaintiff was "feeling better," was "gaining weight," had finished his degree, and had no fever or chills. (Tr. 173). Dr. Paolucci also reported that Plaintiff's symptoms from Crohn's disease were under "good control." *See id.* In these three reports, Dr. Paolucci placed no limitations on Plaintiff's ability to perform sedentary or light work and did not find that Plaintiff was required to take excessive bathroom breaks while working. Dr. Paolucci also did not find that Plaintiff's symptoms would be exacerbated if he returned to work.

On May 4, 2005, Plaintiff underwent a consultative examination for his Crohn's disease. (Tr. 101-107). The examining physician found that Plaintiff was "able to walk, carry, sit & lift" and that Plaintiff appeared to be "in sound health except for Crohn's." (Tr. 107). This physician placed no limitations on Plaintiff's ability to perform light or sedentary work. (Tr. 101-107). These records from Magnolia Hospital, Dr. Farmer, Dr. Paolucci, and this examining physician are the only records included in the transcript that relate to Plaintiff's claimed impairments. (Tr. 97-177).

---

[5] "Stoma" is defined as "a minute opening or pore." *See id.* at 1839.

[6] "Ileostomy" is defined as an "[e]stablishment of a fistual through which the ileum discharges directly to the outside of the body." *See id.* at 946.

**B. RFC Determination**

Plaintiff claims the ALJ erred in determining Plaintiff retained the RFC for light or sedentary work. (Doc. No. 7, Pages 5-7). Plaintiff claims he cannot perform light or sedentary work because he "constantly has to go to the bathroom" and has to wash his ileostomy bag out seven to ten times per day.[7] *See id.* at 9. In response, Defendant claims the ALJ properly considered, and discounted, Plaintiff's subjective complaints. (Doc. No. 9, Pages 8-9). Defendant claims that, prior to discounting Plaintiff's subjective complaints, the ALJ considered several different *Polaski* factors. *See id.* These factors included Plaintiff's daily activities, Plaintiff's medication, and Plaintiff's functional or exertional limitations. *See id.* Defendant argues that based upon his evaluation of these factors, the ALJ determined Plaintiff's subjective complaints were not credible and properly discounted them. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[8] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side

---

[7] In his briefing and at the hearing, Plaintiff apparently does not dispute the fact that he can perform the *exertional requirements* of light or sedentary work. He admitted at the hearing that he regularly lifts weights exceeding thirty pounds and can even run one-third of a mile. (Tr. 192-194). Plaintiff also admitted at the hearing that he only suffered from "a little bit" of fatigue, which this Court finds is not disabling. (Tr. 189). Plaintiff also does not claim he suffers from disabling pain. (Tr. 191). Accordingly, the only issue related to the ALJ's RFC determination is whether the ALJ properly discounted Plaintiff's claim that he had to take excessive bathroom breaks.

[8] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaints, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some discomfort is not a sufficient reason to find a plaintiff disabled within the strict definition of the Act. The issue is not the existence of the symptoms, but whether the symptoms a plaintiff experiences preclude the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly considered the *Polaski* factors. (Tr. 14-15). The ALJ then determined, based upon his consideration of these factors, that Plaintiff's claim of excessive bathroom breaks was not credible. *See id.* The ALJ based this determination upon four valid findings. *See Background, supra.* This credibility determination is entitled to deference and should be affirmed. *See Lowe,* 226 F.3d at 971-72. This Court finds the ALJ in the present action did not error when he discounted Plaintiff's claim that he was required to take excessive bathroom breaks.

### C. "Remission" Determination

Plaintiff also claims the ALJ erred in presenting his hypothetical to the VE. (Doc. No. 7, Pages 7-11). Plaintiff claims that the ALJ improperly found, and instructed the VE, that Plaintiff's Crohn's symptoms were in "remission." *See id.* Plaintiff claims that whether his symptoms were in remission was a medical diagnosis that the ALJ was not qualified to make. *See id.* Plaintiff claims his case should be reversed and remanded for a medical determination as to whether his symptoms are in remission. *See id.* In response, Defendant claims that Plaintiff's medical records indicate that Plaintiff's Crohn's disease was in remission. (Doc. No. 8, Pages 6-7). Defendant also argues that Plaintiff's own father even testified that Plaintiff had been in a "great remission for the last couple of years." Accordingly, Defendant claims the ALJ did not err when he stated that Plaintiff's symptoms of Crohn's disease were in remission. *See id.*

As an initial matter, this Court finds it important to note that Plaintiff has not provided any law indicating that the term "remission" is a medical diagnosis. (Doc. No. 7). Based upon the definition provided by Plaintiff himself from *Merriam-Webster's Medical Desk Dictionary,* the term "remission" is "[a] state or period during which the symptoms of the disease are abated." *See id.* at 8. This definition does not state that "remission" is a medical diagnosis or a medical term of art. *See id.* The Eight Circuit has not held that the term "remission" is a medical diagnosis. *See Hutsell v. Massanari,* 259 F.3d 707, 711-14 (8th Cir. 2001) (using the term "remission" synonymously with a "symptom-free interval"); *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Therefore, this Court does not find that the term "remission" is a medical diagnosis.

Additionally, Plaintiff's medical records indicate that his symptoms of Crohn's disease are in remission. Plaintiff's medical records from his treating physician, Dr. Paolucci, state that Plaintiff's Crohn's disease symptoms were under "good control." (Tr. 173-175). Plaintiff's own

father testified that Plaintiff's Crohn's disease symptoms had been "in a great remission" for the past couple of years. (Tr. 196). Plaintiff himself admitted that his condition was stable because he had "the time to relax." (Tr. 186). Plaintiff has placed himself in a precarious position by now claiming his Crohn's disease symptoms are currently not in remission. *See Baldwin v. Barnhart,* 349 F.3d 549, 557 (finding the ALJ properly relied upon the claimant's own description of his abilities in determining a claimant's RFC). Accordingly, this Court finds the ALJ's determination that Plaintiff's Crohn's disease symptoms were in remission is supported by substantial evidence in the record.

Furthermore, despite Plaintiff's claims to the contrary, the fact that Plaintiff may be disabled *in the future* if he starts work again is irrelevant. Plaintiff must establish his disability based upon *current* medical records establishing that he suffers from a "medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that . . . [has] lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.929(b). Because Plaintiff has not met this burden, Plaintiff is not disabled.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of March, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE